**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50425 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00575-PSG-2 |
| v. | |
| MARIA ARRIAZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted March 6, 2014[**]
Pasadena, California

Before: PAEZ, N.R. SMITH, and HURWITZ, Circuit Judges.

Maria Arriaza was convicted by a jury on four counts of conspiracy and wire

fraud, 18 U.S.C. §§ 371, 1343, for her role as an escrow officer and notary public

in fraudulently inducing various lending institutions to loan millions of dollars in

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

an extensive mortgage-fraud scheme. She challenges both her conviction and her forty-month prison sentence. We affirm.

**1.**    Substantial evidence supports the jury's guilty verdict on each of the counts. Multiple witnesses testified at length to Arriaza's intricate and pivotal role in the scheme. The Government presented documentary and testimonial evidence establishing that Arriaza: (1) created and processed fake documents for the specific purpose of defrauding lenders and inducing them to make millions of dollars worth of loans; (2) notarized documents with forged signatures of people whose identities had been stolen; (3) distributed the fraudulently obtained funds to the various co-conspirators; (4) charged a higher fee for her services on the fraudulent loans because of the risk it involved, and; (5) was aware of the wrongfulness of her actions. Viewing the evidence "in the light most favorable to the prosecution," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), there is more than enough evidence to substantiate the jury's guilty verdicts, including that Arriaza acted with the requisite criminal intent.

**2.**    The district court did not commit procedural error in arriving at its forty-month sentence. Although the Government did not present evidence that fully explained why the seller is different than the lender on four of the loans used in arriving at the loss calculation, there is no basis for concluding that the district

2

court committed procedural error by applying the eighteen-level enhancement. The court's loss calculation may not have been exact, but it was a "reasonable estimate" based on the "available information." *See United States v. Zolp*, 479 F.3d 715, 719 (9th Cir. 2007) (explaining that "[t]he court need not make its loss calculation with absolute precision; rather, it need only make a reasonable estimate of the loss based on the available information"); *see also* U.S.S.G. § 2B1.1(b)(1), cmt. 3(C).

3.     The district court did not impose a substantively unreasonable sentence. Although the pre-sentence report established the Guidelines range at fifty-seven to seventy-one months, and the Government sought forty-six months, the district court settled on an even shorter sentence of forty months.   Arriaza provides no basis for holding that this below-Guidelines sentence was substantively unreasonable.  The district court properly considered the applicable factors under 18 U.S.C. § 3553(a), along with Arriaza's particular circumstances, in arriving at a sentence that was sufficient, but not greater than necessary.

**AFFIRMED.**